Mr. Valerio has raised two separate issues on appeal, and unless the court wishes me to restrict my argument to one, I'll try to discuss both issues briefly. The first issue relates to Mr. Valerio's conviction or actual plea, conditional plea, to being a felon in possession of firearms. I had filed a motion with the district court for dismissal, citing the court to Mr. Valerio's New Mexico conviction and its imposition under the New Mexico deferral statute. That statute simply reads that, upon successful completion of a period of deferment and supervision, that charges are to be dismissed. And I know that the court is not going to do that. If you get a suspended imposition of sentence and then a person behaved during their period of suspension, the charges would be dismissed, very much like this system so far. The difference was, under Alaska law, you weren't convicted until you'd been sentenced. So if a person got an SIS and behaved himself, he had no conviction at the end of it. Here, the New Mexico Supreme Court has said, you don't have to get sentenced to be convicted. Once you've pleaded guilty and had your plea accepted, you're convicted. And they've said that even though the charges later get dismissed under this procedure that you've described, nevertheless, the person has been convicted. I think that was for purposes of their three-strikes law. So it would seem to me that we are bound by New Mexico law to say that Filario has the conviction. Am I missing anything there? I believe you are, Your Honor, because, A, we need to, of course, recall that 18 U.S.C. 921 requires us to look at the totality of the state law as to whether there's a conviction. When we look at New Mexico law, which I will concede to this Court is confusing, to put it somewhat, because we have a body of law there, and the Supreme Court in one of the cases I cited directly said, to the best I can paraphrase it, is someone whose sentence has been deferred and is later dismissed eligible to possess firearms? And the answer that they gave was yes. The New Mexico attorney general has considered the question and has said that he went your way. I'm sorry? He went your way. Yes. But I thought it was pretty clear that when the attorney general says one thing and the Supreme Court says the other, the Supreme Court wins. But the Supreme Court, if you're referring to the New Mexico Supreme Court. Yes, I am. They have only addressed, and this is where, when I use the word confusing, there is a line of cases, Ramirez, I believe, being the one that says you cannot be prosecuted for having a firearm if you have had the deferral and dismissal. There is a different body of cases. In fact, two. One deals with can it be used for habitual criminal purposes? And under New Mexico law, the authority is yes, the dismissed case can be used in the habitual offender context. That is the only. Is that the brothers case? I'm sorry? Is that the brothers case? No, Your Honor. That is the third line of cases. The brothers case dealt with the necessity of registering as a sex offender after a deferral and dismissal. And what the brothers case holds, again paraphrasing it, is this, the duty to register as a sex offender is an independent obligation that is not defeated by the subsequent dismissal of a charge. That has no relevance to Mr. Valerio's dismissal. You're referring to this, and I think Judge Kleinfeld used this phrase, but I am not sure it's correct, so I'd like to hear on it. Dismissal of the charge. I thought there was an order of dismissal of the case after someone had satisfied their obligation. But I didn't see anything saying it was a dismissal of the charge. Well, Your Honor, I think we would have to use case and charge interchangeably here. There was a single count information. Mr. Valerio was placed on the deferral program and, in fact, received early termination because of his satisfactory performance. And in the judgment, it lists out certain things. You shall be under supervision. You shall not possess drugs or weapons and ammunition. The dismissal order, and that order said the charges against you are dismissed. You are relieved of these obligations. Using the old concept of words mean what they should mean. Dismissal, if we were talking to someone and we said, well, I had a case against me, but it was dismissed, I don't think anyone in the common language usage would take that to mean you're a convicted person. The charge was finally dismissed, but it was dismissed after he pleads guilty and goes through a deferred sentence procedure. Correct, Your Honor. But, again, that's a unique feature. Every state has, as Judge Kleinfeld mentioned, Alaska system. Every state has a different system. For example, New Mexico does not have any procedure for expungement of convictions, and that's referenced in one of the cases that either the government or I cited. But it was not necessary for Mr. Valerio to seek expungement. It was not necessary for him to seek a pardon because, with the dismissal of the case, he had no conviction. He was entitled to vote. He was entitled to hold office. He was entitled to own firearms. Were all of his civil rights restored 100 percent? Your Honor, the district — The level at which they're not restored. Your Honor, the cases hold only that civil rights must be substantially restored. Those three rights, and these are in the excerpt of record in the Attorney General's citations, note that upon dismissal, the right to possess firearms, the right to vote, the right to hold office are restored. The district court, in its opinion, said, well, again, paraphrasing, his right to vote was not restored. Well, there actually is no case in the government cited, no case in New Mexico that even deals with the question of restoration of the right to vote. Whether it was, the absence of any case saying it is or isn't does not mean it isn't. And this is where the district court erred in that regard. It held, well, there's nothing saying his right to vote was restored. The government, very briefly, and I'd like to reserve at least a minute or two for rebuttal on this. The government, strangely enough, claims with regard to the mousetrapping issue that I waived it because it was not raised. If the court will look at my motion for dismissal, and I believe it's at page 11 of the excerpt of record, specifically refers to the U.S. v. Lasky, L-A-S-K-I-E case out of this circuit, and refers to the absence of the reservation against possession of firearm. The term mousetrapping is not used. That's a term used by one judge out of, I believe, the Seventh Circuit. But it is raised. It's not waived. Very briefly, on point two, the confrontation right, the government again makes a somewhat what I will only call puzzling claim. We entered into an agreement for a conditional plea to preserve the right to appeal the district court's ruling that a taped statement that would be their case, it would be testimonial in that it would comprise their case, that Mr. Valerio sold a weapon to a person he knew to be a felon. The government asserts in its brief that the issue is moot because the evidence was not presented in trial. Well, obviously, any conditional plea, the evidence is not presented in trial, just like in a suppression hearing. I find that position to be, at best, troubling, unless the court has to. I would assume the government loses on that position. I certainly would assume so. There's still the question of, you know, does it matter? Because I thought that the evidence was admitted for limited purposes, and the judge gave a cautionary instruction. Your Honor, the judge indicated that he would give a cautionary instruction, which in itself is somewhat hard to understand the judge's reasoning. This would have been the government's case. The government made no proffer or assertion in any way that their case would be proved by anything except this tape that I could not cross-examine with a witness who they did not even represent, was unavailable. He simply was so scummy that they didn't want to bring him into the courtroom. I thought they were going to prove the witness's felon history by some other means. I don't know, Your Honor. There is no representation in the record. I thought there was, that they were going to put the probation officer on. Your Honor, the only reference to a probation officer, and I may be mistaken, but is in a trial brief filed with the court the morning of the jury trial in which a probation officer was listed. But again, I thought they were going to use the tape to prove what Valerio said, not what the snitch said. And the snitch would, the jury would be instructed that what the snitch said was just for context so you could understand what Valerio was talking about and not to take it for its truth. Well, that leaves the government with evidence from Valerio's own mouth that he sold the gun to this guy. But as for whether the guy is a felon, the government at that point has no evidence of it. It just has evidence that Valerio thinks he's selling a gun to a felon, which isn't the same thing. And then the government has to prove he's a felon, and it was going to use the probation officer to do it. Well, Your Honor, it goes beyond that. It goes to what took place behind the walls of a house where, under the government's theory, this gentleman, Mr. Chandler, went in there, had a conversation with someone who he represented to the police was Mr. Valerio, who represented that it was Mr. Valerio who was the other party in this conversation. Well, they'd have to prove foundation. The judge reserved the right to exclude the tape for that ground. He said he would give a limiting instruction. But, Your Honor, the reality is that the government's case against Mr. Valerio is comprised of the statements of Mr. Chandler that are on the tape that the government elected at the last moment to use instead of producing Mr. Chandler, whose record could be cross-examined, whose motivation in this matter, whether or not he may have been cooperating with the police, what his inducement, what he was getting out of it, any of a myriad of things that I was denied the opportunity to confront. And this comes back.  And Crawford versus Washington came down after our hearing in this matter, but I made the same assertion of the lack of opportunity to cross-examine. Thank you. Thank you. Good morning. May it please the Court. Brian Quarles for the United States. I'd like to first address one of the last arguments that Counsel to the Appellant made and respond as Judge Kleinfeld correctly characterized the offer of proof as it would have been at trial, and that it's also included in the government's brief on page 25 in footnote 10 that we would have established that the appellant is a convicted felon through his probation officer, which we had listed on our trial memo. The statements that Appellant refers to regarding the statements by the confidential informant were nontestimonial in nature. It only would have been introduced for the limited purpose of explaining the effect on the hearer, in this case the appellant himself. Of course, the appellant's statements would have come in as admissions of party opponent. Let me address the first issue or the first issue that Appellant raises, and that's regarding whether the burglary conviction is, in fact, a conviction. We would submit that the district court properly found that Appellant's burglary conviction qualifies as a predicate offense for purposes of Federal law. I'm really troubled by it. Let me tell you why so you can address it. You may have – I don't remember if you cited it, but Appellant did. No, you didn't cite it, so maybe you haven't read it. I wrote a decision called Herring. It was about the same statute. It was in the context, though, of a state that restores civil rights with a certificate, not by operation of law. On that issue, restoration with a certificate, we followed an opinion by Judge Easterbrook in the Seventh Circuit that interpreted the Federal statute as an anti-mouse-trapping rule and said, if the state sends the felon a piece of paper, I'm quoting Easterbrook now, implying that he's no longer convicted and that all civil rights have been restored, a reservation in a corner of the state's penal code cannot be the basis of a Federal prosecution. A state must tell the felon point blank that weapons are not kosher. And one thing that occurred to the panel I was on, and it's in the opinion here, that bore on this was that there could be kind of a lurking due process problem if the felon didn't have fair notice that he's not allowed to have a gun. Now, Herring doesn't specifically cover this case because it's a certificate state rather than an operation of law state. New Mexico is an operation of law state, at least for purposes of this case. The problem that I have is, under New Mexico law, it seems clear that, number one, the cause was dismissed. Number two, under Padilla, New Mexico's Supreme Court case, the man is still convicted for purposes of habitual criminal. Number three, many of his civil rights are restored. We don't know exactly which ones aren't. The one that most people are most aware of, the right to vote, is. So it looks like he's got a substantial restoration of civil rights. Number four, the attorney general tells him you can have guns as far as the state of New Mexico is concerned. It seems like, although that Easterbrook opinion and Herring don't exactly apply because there's no certificate, the reason for those opinions, the mousetrapping concern, does. The man just — it's hard to say whether he has fair notice that he can't have a gun. Address what's on my mind. Yes, Your Honor. First, I would like to refer the Court to a very recent case. That's the United States v. Marks, found at 379 F. 3rd, 1114, and was included in a 28-G letter that was offered to this Court and to defense counsel. And there, the Court rejected a similar argument that defense counsel makes today. There, the defendant unsuccessfully offered that his state's filming conviction was constitutionally invalid and, therefore, cannot be considered a predicate conviction under the firearms statute. The Court rejected the appellant's argument and held that a prior state conviction, which had never been expunged, vacated, or set aside, qualified as a predicate felony. Now, Judge Kleinfeld, I'd like to address why, in this case, the appellant cannot reasonably argue that he had been mousetrapped or led to believe that he was no longer convicted. I would cite this Court to another Ninth Circuit case. That's United States v. Lasky, also cited by counsel for the appellant. There, there are distinct differences between what was in that case and what was in this case. Under Lasky, the Court determined that to set aside means to annul or vacate. And specifically there, the Court determined the document on its face set aside the appellant's conviction. And there's a good reason why. The text of the defendant's dismissal in the Lasky case read, the previous finding of guilty be changed to that of not guilty, and information herein dismissed. Here, by contrast, the text of the order of dismissal is that the cause hereby is dismissed and the probation office is relieved from any further supervision of the defendant. Also referring to the order of dismissal in this case, an excerpt to record at 27, it states in the first sentence that this matter is before the Court from discharge from probation. It also said that he was being considered for an early satisfactory discharge for probation. So I would submit that what was relieved there was the fact that he no longer was under the supervision of probation. Under the Lasky case, they specifically changed the finding of guilty to not guilty. This order of dismissal does not have that language. And I would submit that's a significant distinction between the Lasky decision in which arguably the defendant could have been misled into believing he was no longer convicted. Here, no such claim exists. I would also submit that had that claim been raised below, the government would have provided information and support that at the time of the appellant's arrest, he admitted to officers that he had been convicted of burglary and that he had only been relieved from his duties on probation. In addition, in the precinct's report itself, the appellant admitted in front of his counsel that he had been convicted on this burglary charge. I would buttress the government's argument by relying on the brothers' decision. There we have the same essentially situation we have here in that a deferred sentence existed. And there the court determined that a conviction remains even if the defendant received a deferred sentence. It's important that that case talked not only about his ability or requirement to register as a sex offender, but it also discussed the idea of a deferred sentence and specifically addressed separately the application of the deferred sentence statute and held that nothing in the deferred statute suggests that a deferred sentence expires and the charges were dismissed. And specifically, I'm at page 39 of the brothers' decision. And it makes sense when you look at the court's analysis. I'm looking at it in P3rd, I guess. I don't know where your page number comes from. Yes, Your Honor. I'm looking at the same P3rd and specifically the photocopied position, photocopied. We're looking at brothers? Yes, Your Honor. It's 59P3rd1268. I'm sorry, Your Honor. That would be page 1271 of P3rd. And there specifically, again, the court said that a deferred sentence expires and the charges are dismissed. The conviction no longer exists. There's nothing about a deferred sentence that suggests that. The analysis the court goes into makes that sense, makes sense of that, because it also distinguishes a deferred sentence from a conditional discharge. If this court were to determine that, in essence, a felon's deferred sentence eradicated his conviction, it makes meaningless the conditional discharge option the court had. And I would specifically refer the court that in the plea agreement itself, entered in the state court verdict decision, the court had the discretion of entering a deferred sentence or a conditional discharge. It certainly chose to enter a deferred sentence and not a conditional discharge, and certainly in a conditional discharge situation, no adjudication of guilt would have been included. So for those reasons, I would submit the court in New Mexico itself supports that a conviction remains, notwithstanding his deferred sentence. Should the appellant decide to argue that he was mousetrapped, that argument is unavailing, because under United States v. Lasky, there was no specific finding that his finding of guilt had been changed to that of not guilty. Ginsburg. GINSBURG. I hear that same plea agreement. You're not making the mootness argument, are you, on the admissibility of the tape? Your Honor, what we're arguing is that the government was never in a position to determine whether it would have been admitted or not because the appellant pled guilty. But the plea agreement, he was allowed to preserve his right to appeal on that issue. He was, Your Honor. And notwithstanding that. Why would it be moot? It would be moot because under the case law, I cited in the brief, that he failed to provide the government an opportunity to establish a conditional ruling would have been admitted. I am mystified by this. It seems to me that if we accept your mootness argument, then all these pleas that we get where people lose on a pre-trial motion and then plead guilty, reserving the right to appeal, the defeat on that pre-trial motion, we don't have jurisdiction to decide it, and the whole thing was pointless. The amendment is spoke, Your Honor. The point is that a definitive ruling by the district court never happened, is my point, is that it's different than him pleading guilty to something that may happen later. In this situation, the government. I thought the judge said I'm going to let the tape in subject to foundation being established to show it really was Valerio talking. I'll instruct the jury that they can't take anything that I can't remember the snitch's name, that the snitch said for its truth. I'll give them an admonition. It just comes in for context so they can understand what Valerio was saying. And if there is foundation, it will come in. I think you correctly characterized it, Your Honor. That's a ruling. It is, Your Honor. But I think important is that although I'm confident the government would have been able to establish the foundation requirement, there's still something the government didn't do. If the government thinks that the issue is made moot by the plea agreement, then why would the government enter a conditional plea agreement that recites that? But to me, unless I'm missing something, that doesn't make any sense. Your Honor, I'm sorry. It's not the fact it entered into the plea agreement that made it moot, Your Honor. It's the fact that there was a necessary step that had to take place. I understand your argument. But then why would the government include that recital in the conditional plea agreement? I don't recall that being. The government has that issue reserved in the plea agreement, right? I'm sorry. The government? In the issue of the admission of this, the issue of the admission of the tape reserved in the plea agreement. He made an oral statement preserving that right. That's correct, Your Honor. Was the government there when he made his oral statement? Yes, Your Honor. And the agreement was entered in open court then? That's correct, Your Honor, although we were uncertain, too, how he might phrase an argument later. It seems to me that if the government thought that issue goes away, is rendered moot by not going through the trial, then the government probably should say that on the record. Otherwise, it looks like, just like a motion to suppress that was ruled on before our guilty plea, it looks like the issue is reserved for us. Yes, Your Honor. Notwithstanding the fact that that argument may be before the Court, we did cite that there are reasons to support that it still would have been admissible regarding the nature of the testimony. As I mentioned to Judge Kleinfeld, that it would be non-testimonial in nature. I understand your argument on the merits. I understand your merits argument. I just don't understand your mootness argument, really. Any other questions? No, thank you. Thank you, counsel. We went way over, but if you want to give a one-minute rebuttal, you can. Very quickly, first addressing the 28J case cited to the Court by the government, that being U.S. v. Marx out of this circuit. It's simply irrelevant. Washington has a statute that says convictions that are obtained in violation of the Constitution may not be used in firearm proceedings later on. Counsel in that case was ineffective because he had multiple representations. This circuit said that simply has no bearing on the Fed's ability. It's irrelevant to this case. The government sites or discussed Lasky. That was a case out of my office, so I'm very familiar with it. The difference there, the order dismissing this case did not use that particular language cited with approval in Lasky simply because Lasky dealt with a Nevada conviction. They use, as does each state, a different system for setting aside convictions. So it, again, is also irrelevant that our dismissal order doesn't contain that particular language. The Brothers case, the government took one sentence out of there saying there is nothing to suggest deferral or dismissal should result in dismissal of the charges. Well, there is something. Nevada statutes annotated 31-20-9 says after a period, in relevant parts, says after a period of deferment, the court shall, and it uses the word shall, enter a dismissal of the criminal charges, not of no longer subject to supervision under probation, but shall enter an order dismissing the charges. The mootness issue, I think the court was also puzzled by that. The case that the government cited dealt with a case where there was a suppression hearing. The court ruled the evidence was admissible. The defendant proceeded to trial in front of a jury. The government, for whatever reason, chose not to put that evidence in. So at the conclusion of the trial and a finding of guilt on appeal, it was moot because it wasn't used. It wasn't a conditional plea which the terms of which, and this is at excerpt of record page 86, we reached an oral agreement while the judge was in chambers looking or listening to the tape, where if he ruled against me, we would enter a conditional plea. The case they cited, the government won the right to put the evidence in, but then it didn't put the evidence in? No, Your Honor. I set out, and this is at excerpt of record 86, I set out the terms of the agreement that I reached with the government, and that's why, you know, obviously an agreement that we would do this. And the court asked Mr. Quarles, who was one of the two trial counsels for the government against me, if this comported with his understanding to which Mr. Quarles responded. That's my understanding, Your Honor. Unless the Court has questions, I am over my time. Thank you, counsel. United States v. Valerio is submitted. We are adjourned until 9.30 tomorrow morning. Thank you, Your Honor. Thank you.
judges: D.W. Nelson, Kleinfeld, Gould